**IN UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | NO. 16-38608 |
| | ) | |
| **LEONARD GARGAS,** | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | JOLIET |
| | ) | |
| | ) | Hearing Date:  Friday, September 21, 2018, at |
| | ) | 10:00 a.m. C.D.T. |

**NOTICE OF MOTION**

TO:    SERVICE LIST

PLEASE TAKE NOTICE THAT on this 7th day of September, 2018, I caused to be filed with the Clerk of the above Court, *Heartland Bank's Motion for Status Report,* a copy of which is attached hereto and hereby served upon you.

> **HEARTLAND BANK AND**
> **TRUST COMPANY**
>
>
> By:   /s/ Robert L. Dawidiuk
>          One of its Attorneys

Robert L. Dawidiuk, ARDC #6282717
Jordan C. Olejniczak, ARDC #6317823
THE COLLINS LAW FIRM, P.C.
1770 Park Street, Suite 200
Naperville, IL  60563
Tel:  630-527-1595
E-mail: rdawidiuk@collinslaw.com
E-mail: jolejniczak@collinslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Robert L. Dawidiuk, an attorney, hereby certify that a copy of *Heartland Bank's Motion for Status Report,* along with this *Notice,* was served upon the persons named below via electronic notice (through the ECF Service or electronic mail) or via first-class mail by depositing the same in the U.S. mail, proper postage prepaid, in Naperville, Illinois, on September 7, 2018.

<u>SERVICE LIST</u>

Leonard R. Gargas, Debtor
23742 Plum Valley Drive
Crete, IL 60417
*VIA FIRST CLASS MAIL*

David C. Nelson
53 W. Jackson Blvd., #430
Chicago, IL  60604
*VIA Email and CM/ECF*

Cindy M. Johnson, Trustee
140 South Dearborn, Suite 1510
Chicago, IL  60603
*VIA Email and CM/ECF*

Patrick S. Layng, United States Trustee
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street
Room 873
Chicago, IL 60604
*VIA CM/ECF*

## IN UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NO. 16-38608 |
| | ) | |
| **LEONARD GARGAS,** | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) |    JOLIET |
| | ) | |
| | ) | Hearing Date:  Friday, September 21, 2018, at |
| | ) | 10:00 a.m. C.D.T. |

## HEARTLAND BANK'S OBJECTION TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF HEARTLAND BANK AND TRUST COMPANY

NOW COMES HEARTLAND BANK AND TRUST COMPANY ("Heartland"), by and through its attorneys, The Collins Law Firm, P.C., and for its Motion for Status Report (the "Motion"), states as follows:

1.      On or about September 11, 2014, Heartland filed its Complaint for Commercial Mortgage Foreclosure and Other Relief against Debtor, among others, as case no. 2014 CH 14686 in the Circuit Court of Cook County to foreclose on a Mortgage (the "Mortgage") in favor of Heartland on the real property located at 15414 S. Harlem Ave., Orland Park, IL  60462 (the "Orland Park Property").

2.      On November 9, 2015, the Circuit Court granted Summary Judgment, in favor of Heartland and against LEONARD GARGAS (the "Debtor").  Further, the Court entered Judgment in favor of Heartland and against Debtor in the amount of $207,537.57 plus per diem interest of $45.56 after April 27, 2015 through the date of the entry of Summary Judgment.  Interest continues to accrue on the total judgment amount at the statutory rate in Illinois for judgments of 9% per annum, which is a per diem of $53.38.  *See* 735 ILCS 5/2-130.

3.      Also on November 9, 2015, the Circuit Court entered an Order granting Judgment of Foreclosure and Sale, in favor of Heartland and against Debtor and the Orland Park Property.

4.      On or about January 8, 2016 a Judicial Sale of the Property was conducted and a deficiency remained in the amount of $122,756.86, plus interest thereon at the statutory rate of 9% per annum.  *See* Claim No. 1 (1-1).

5.      On May 10, 2016, the Circuit Court granted Heartland's Motion for Order Approving Report of Sale and Distribution, Confirming Sale, and Order for Possession.  A true and accurate copy of the Report of Sale and Distribution, which shows that after the Judicial Sale there was left a $122,756.86 deficiency balance, is attached to Exhibit C.  That amount continues to accrue interest at the statutory rate in Illinois on judgments of 9% per annum. *See* 735 ILCS 5/2-130

6.      On or about October 4, 2016, Judge Freddrenna M. Lyle issued a Memorandum of Judgment in favor of Heartland and against Debtor (hereinafter, the "Judicial Lien").  That Memorandum of Judgment was thereafter recorded with the Cook County Recorder of Deeds, the Lake County Recorder of Deeds, and the Will County Recorder of Deeds.

7.      At the request of the Chapter 7 Trustee (the "Trustee"), Cindy Johnson, and in order to facilitate the sale of the real property located at 2978 Hawthorne Lane, Dyer, IN  46311 (the "Dyer Property" which Debtor held a 2/3 ownership interest in), Heartland executed a release of its Judgment Lien which it had validly recorded on the Dyer Property.

8.      The Trustee recorded that Release for the Dyer Property and had an agent appointed to sell the Dyer Property, the appointment of whom this Court granted on or about May 5, 2017. Doc. 31.

9.      The Dyer Property was then sold on or about March 24, 2017, with a closing date set of May 5, 2017, for the price of $219,000.00.  *See* Doc. 40, ¶¶ 11-12.

10.     This Court approved the Trustee's Motion to Sell Real Property, Shorten Notice, and Defer Filing Fee (Doc. 40) on ***July 21, 2017***. *See* Doc. 44.

11.     Per the Report of Sale filed by the Court-Appointed Agent, Carleen L. Cignetto, after all liens had been paid and any other outstanding amounts taken care of, the net proceeds received by the Bankruptcy Estate were $76,575.54. *See* Doc. 46.  Upon information and belief, no amount has been distributed to any of the unsecured creditors who have filed a Proof of Claim in the instant matter.

12.     The last Order was entered on ***December 22, 2017***, which was the "Order Allowing Carleen L. Cignetto's First and Final Application of Special Counsel for Interim Compensation and Reimbursement, Limit Notice and to Shorten Notice". *See* Doc. 48.

13.     Since that date, Heartland's counsel has made numerous inquiries into the status of the final distribution of funds to those creditors who have filed a Proof of Claim.  The Trustee informed Heartland's counsel that a final report needs to be filed and proper notice periods run prior to disbursement.  Furthermore, Heartland's counsel has been informed by the Trustee that all tax, IRS, estate, or other issues related to the Dyer Property have been settled and that no further tax filings are due at this time in order to settle the estate (neither the Bankruptcy Estate nor the Estate of Debtor's mother).

14.     The last date for the filing of Proofs of Claims was August 22, 2017.  Doc. 35.

15.     According to the claims register, Heartland is the largest unsecured creditor and its claim constitutes approximately 52.835% of the total unsecured claims (exclusive of interest and costs), meaning that Heartland is entitled to approximately $40,459.03.

16.     Accordingly, as the Dyer Property has been sold for over nineteen months and no filings have been made since the Motion to Sell the Property was granted and the final report was filed (along with the Order granting the agent her compensation).  The matter has remained dormant since for approximately nine months.

17.     In fact, the Debtor received a discharge in this matter on May 15, 2017.  Doc. 32. This was after Debtor's first attempted Chapter 13 Bankruptcy was dismissed, refiled, and converted to a Chapter 7 Bankruptcy.  The initial Chapter 13 Bankruptcy Notice was filed March 18, 2016, over two and a half years ago.

18.     Therefore, Heartland respectfully requests that the Court and the unsecured creditors be provided a status report on the matter, including a timeline for which those unsecured creditors who have filed their respective Proofs of Claims can expect for the Estate to be distributed.

WHEREFORE, Creditor, HEARTLAND BANK AND TRUST COMPANY, respectfully requests that this Court enter an Order for a status report to be given on status of final distribution of the estate, enter an Order setting a reasonable timeline of final administration and distribution of the Bankruptcy Estate of Debtor, and granting any other relief that this Court deems equitable and just.

Robert L. Dawidiuk, ARDC #6282717
Jordan C. Olejniczak, ARDC #6317823
THE COLLINS LAW FIRM, P.C.
1770 N. Park Street, Suite 200
Naperville, IL 60563
(630) 527-1595
rdawidiuk@collinslaw.com
jolejniczak@collinslaw.com

Dated: September 7, 2018
Respectfully Submitted,

**HEARTLAND BANK AND TRUST COMPANY**

  /s/ Robert L. Dawidiuk
    One of its Attorneys